UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

BRIGNOLE VINEYARDS, LLC,                        :
                                                :
                          Plaintiff,            :
                                                :
            v.                                  :        3:24-CV-1403 (SFR)
                                                :
UNITED STATES OF AMERICA AND STATE OF           :
CONNECTICUT,                                    :
                                                :
                          Defendants.           x

---------------------------------------------------------------

**MEMORANDUM & ORDER**

Plaintiff Brignole Vineyards, LLC ("Brignole"), filed an administrative appeal in Connecticut Superior Court against United States agencies and the State of Connecticut Department of Agriculture ("Department") after the Department denied Brignole the right to take certain actions on its land. After the United States removed the case to this Court, Brignole amended the complaint to name the United States and Connecticut as defendants in place of the federal agencies and the Department. Am. Compl. ("Am. Compl."), ECF No. 27. For the reasons stated below, I conclude that the United States has not waived sovereign immunity. I dismiss the claim against the United States and remand the action to Connecticut Superior Court for lack of subject matter jurisdiction.

## I.    BACKGROUND

### A.    Factual Background

This case concerns the use of Brignole's property in East Granby, Connecticut (the "Premises"). Am. Compl. ¶ 1. The Amended Complaint alleges that at some point before 2009, O.J. Thrall, Inc. ("Thrall"), obtained title to the Premises, subject to prior right-of-way

easements for utility companies. *Id.* ¶¶ 24-28. On December 4, 2009, Thrall conveyed development rights in the Premises to Connecticut and the United States. *Id.* ¶ 29. Brignole is successor in interest to Thrall. *Id.* ¶ 49.

On November 20, 2023, Brignole filed an application with Connecticut to construct an underground, low-voltage line for an off-site solar power facility under existing farm roads of the Premises in the area of the prior easements. *Id.* ¶ 50. After the application, the Department consulted with and received guidance from the United States Department of Agriculture's ("USDA") National Resources Conservation Service ("NRCS") on Brignole's application. *Id.* ¶ 55. According to the Amended Complaint, in their analyses, the USDA and the Department did not rely on or account for the language in the deed that conveyed the right to make a development "inconsistent with . . . preservation . . . as agricultural land." *Id.* ¶ 58. This failure was not reasonable or based on substantial evidence. *Id.* ¶ 59. On June 21, 2024, based on this error, Connecticut denied Brignole's application to construct power lines on its property. *Id.* ¶ 61.

## B.    Procedural History

On July 31, 2024, Brignole filed an "administrative appeal" of the Department's denial in Connecticut Superior Court. Compl. 1. ECF No. 1-2. The appeal named the USDA, the NRCS, and the Department as Defendants. *Id.* ¶ 1. With United States agencies as named defendants to the lawsuit, the agencies removed the action to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on August 30, 2024. Not. of Rem. 1, ECF No. 1.

On November 6, 2024, the United States agencies filed a Motion to Dismiss. ECF No. 19. On January 21, 2025, Brignole filed an Amended Complaint. In its Amended Complaint, Brignole substituted the United States as a Defendant in place of the federal agencies and

substituted Connecticut for the Department. Am. Compl. 1. On March 6, 2025, Connecticut

filed a Motion to Dismiss the Amended Complaint, CT's Mot. to Dismiss, ECF No. 30, and

accompanying memorandum of law, CT's Mem of L. in Supp of Mot. to Dismiss ("CT's

Mem"), ECF No. 30-1. On March 6, 2025, the United States filed a Motion to Dismiss, USA's

Mot. to Dismiss, ECF No. 31, and accompanying memorandum of law, USA's Mem of L. in

Supp of Mot. to Dismiss ("USA's Mem"), ECF No. 31-1. On May 15, 2025, Brignole filed an

Objection to the Defendants' Motions to Dismiss. "Pl.'s Obj. to Mot. to Dismiss ("Pl.'s Obj."),

ECF No. 35. On May 29, 2025, the United States filed a Reply to Brignole's Objection

("USA's Rep."), ECF No. 36.

## II.    LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v.

Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is

well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a

preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133

(E.D.N.Y. 2020) (quoting *Aurecchione v. Schooman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d

Cir. 2005). Although the court "must accept as true all material factual allegations in the

complaint," a court should not "draw inferences from the complaint favorable to plaintiff." *J.S.

ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question

of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members

of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at

496-97).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied . . . . Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). If there is an explicit waiver, the substantive claim must fall within the scope of the waiver for the waiver to apply. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

## III.    **DISCUSSION**

Defendants observe that the Amended Complaint characterizes this action as an administrative appeal pursuant to Conn. Gen. Stat. § 4-183. The United States argues, *inter alia*, that this Court lacks subject matter jurisdiction because Brignole does not identify any federal statute that waives the United States' sovereign immunity with respect the claim under § 4-183. USA's Mem. 12. Connecticut also moves to dismiss for lack of subject matter jurisdiction, asserting that the foundation of the Amended Complaint is § 4-183, which provides for Connecticut Superior Court review of Connecticut administrative agency actions. Connecticut urges this Court to avoid "needless determinations of state law" and allow the Superior Court to review the agency's action. CT's Mem. 5.

The plaintiff bears the burden of proving the subject matter of jurisdiction by a preponderance of the evidence. *Matthias*, 475 F. Supp. 3d at 133. Not only does Brignole make no attempt to establish the subject matter jurisdiction of this Court, but itself "questions federal jurisdiction and leaves Appellees [defendants] to establish jurisdiction of an Article III court." Am. Compl. ¶ 7. Connecticut and the United States have declined to do so. In its response

4

brief, Brignole specifically requests that the case be remanded back to the Superior Court. Pl.'s Obj. 3.

The Amended Complaint names the United States as a defendant but asserts that the case is "an administrative appeal governed by Connecticut General Statutes § 4-183." Am. Compl. ¶ 1. Brignole has not argued that the United States waived sovereign immunity with respect to the claim under Conn. Gen. Stat. § 4-183.

The United States may not be sued without its consent. *See Mitchell*, 463 U.S. at 212. Waiver of sovereign immunity must be established before the exercise of subject matter jurisdiction. "In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity. The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Zeil v. United States Dep't of Just.*, No. 3:23-CV-00289 (VAB), 2024 WL 1330812, at *3 (D. Conn. Mar. 28, 2024) (internal quotation marks omitted). Moreover, "[t]he sovereign immunity of the United States may only be waived by federal statute." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urb. Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).

The Quiet Title Act provides a limited waiver of sovereign immunity to quiet title against the United States. 28 U.S.C. § 2409a. However, the Amended Complaint does not plead a claim under the Quiet Title Act. Instead, the Amended Complaint asserts only a claim under Conn. Gen. Stat. § 4-183 and does not identify a federal statute that waives sovereign immunity with respect to claims under that state statute. Therefore, the United States has not

waived sovereign immunity and the claim against it must be dismissed.[1] With the claim against

the United States dismissed, there is no basis for federal jurisdiction over the state claim against

Connecticut, which was brought by a Connecticut resident. *See Cohen v. Postal Holdings,*

*LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (holding that "when a district court correctly dismisses

all federal claims for lack of subject–matter jurisdiction pursuant to Rule 12(b)(1), the district

court is thereby precluded from exercising supplemental jurisdiction over related state–law

claims"). Under these circumstances, the case must be remanded to the Superior Court. *See* 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded.").

## IV.    CONCLUSION

For the foregoing reasons, the claim against the United States is dismissed because the

United States has not waived sovereign immunity. As the Court lacks subject matter

jurisdiction over Brignole's state law claim against Connecticut, the action is remanded to state

court.

The Clerk is respectfully directed to REMAND this action to Connecticut Superior

Court, Judicial District of Hartford at New Britain, Docket No. HHB-CV-24-6088803-S.


**SO ORDERED.**

New Haven, Connecticut
January 21, 2026

---

[1] The removal of this case by the United States to federal court under 28 U.S.C. §§ 1442(a)(1) does not constitute a waiver of its sovereign immunity defense. *See, e.g.*, *Green-Page v. Fed. Bureau of Investigation*, No. 1:20-CV-00837, 2021 WL 1857257, at *3 (W.D.N.Y. May 10, 2021).

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge